UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Luis Rivera, <br><br> Plaintiff, <br><br> v. <br><br> City of North Chicago; Elizabeth Black; and Lazaro Perez, <br><br> Defendants. | Case No. _____ <br><br> Judge_____ <br><br> Jury Trial Demanded |

## COMPLAINT

NOW COMES the Plaintiff, Luis Rivera, through his attorneys, O'Connor | O'Connor, P.C. by Kevin F. O'Connor, and, as for a Complaint against the Defendants, City of North Chicago, Elizabeth Black, and Lazaro Perez, alleges and shows to the Court, as follows:

### NATURE OF ACTION

1. Plaintiff Luis Rivera ("Rivera") brings this action to redress the intentional and wrongful disclosure of confidential medical information and records by the Defendants in violation of the Americans with Disability Act, as amended (the "ADA"); and the Illinois Mental Health and Developmental Disabilities Confidentiality Act, 740 ILCS 110/1, *et seq.* ("the Confidentiality Act").

2. Specifically, Plaintiff seeks awards of compensatory damages, punitive damages, attorney's fees, costs, declaratory relief, injunctive relief, and all other remedies available under the ADA and Confidentiality Act.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C. § 1331.

4. This Court has supplemental jurisdiction over Plaintiff's state claims pursuant to 28 U.S.C. § 1367.

5. Venue is proper under 28 U.S.C. 1391(b) because the events giving rise to the claims alleged herein occurred within the Northern District of Illinois.

6. Plaintiff has exhausted his administrative remedies and complied with the statutory prerequisites of the ADA by filing charges with the Equal Employment Opportunity Commission ("EEOC").

## PARTIES

7. Plaintiff Luis Rivera was employed as a police officer with the North Chicago Police Department from September 2002 until July 2, 2018.

8. The City of North Chicago is a municipality located in Lake County, Illinois, and was Plaintiff's employer for the time period noted above ("North Chicago" or "employer").

9. Elizabeth Black was the Director of Human Resources for North Chicago at all times relevant to this suit.

10. Lazaro Perez was the Chief of Police for North Chicago at all times relevant to this suit.

## GENERAL FACTUAL ALLEGATIONS

11. While serving as an officer, Plaintiff repeatedly saw and experienced many things which were extremely emotionally and psychologically disturbing and traumatic.

12. Because of his exposure and experiences, Plaintiff developed and was diagnosed with certain psychiatric conditions.

13. In March of 2018, Plaintiff reported to the employer that he was experiencing severe emotional and physical anguish, among other ailments. Plaintiff sought a reasonable accommodation for his condition from the employer.

14. As a result, the employer made medical inquiries about Plaintiff's medical condition to Plaintiff's health care providers.

15. In response to the employer's requests for information, Plaintiff's health care providers provided the information sought by the employer. In further response to the Employer's requests for information, and at Plaintiff's request, Plaintiff's health care providers also provided additional medical information about Plaintiff's medical condition and treatment, in order to facilitate the interactive process and to help the employer better understand his condition, limitations, and need for accommodations.

16. Plaintiff's employment with the Employer ended on July 2, 2018.

17. On or about August 23, 2018, the employer received a subpoena from Maliha Siddiqui, of the law firm Reed Centracchio. Ms. Siddiqui represented Plaintiff's ex-wife.

18. The subpoena requested generally the employer's employment records relating to Plaintiff, and more specifically requested documents such as his personnel records, documents reflecting changes to the terms and conditions of Plaintiff's employment, and Plaintiff's schedule.

19. The subpoena did not request medical records, communications, or information, confidential or otherwise.

20. The subpoena did not conform to the requirements of Section 10(d) of the Confidentiality Act.

21. Elizabeth Black, North Chicago's Director of Human Resources, responded to the subpoena and produced documents on or about September 6, 2018.

22. In addition to producing the documents requested in the subpoena, Ms. Black deliberately divulged confidential medical communications, records and information ("the confidential medical information") to Ms. Siddiqui.

23. Upon information and belief, Ms. Black deliberately divulged Plaintiff's confidential medical information to an outside party at the direction of, and/or consent of, and/or with the assistance of, Lazaro Perez, North Chicago's Chief of Police.

24. The employer did not seek or obtain Plaintiff's authorization or consent, written or otherwise, to disclose the confidential medical information to an outside party.

25. Plaintiff experienced (and continues to experience) extreme shock, indignation, betrayal, humiliation, dismay, and emotional distress upon learning that his former employer deliberately and gratuitously handed out his personal confidential medical information without his consent, and because his employer wantonly disregarded his rights and protections under the ADA, HIPPA, and the Confidentiality Act.

## COUNT I

### Unlawful Maintenance and Disclosure of Confidential Medical Information In violation of the Americans with Disabilities Act
[Against Defendant North Chicago]

26. Plaintiff restates and incorporates the foregoing paragraphs here in Count I.

27. The ADA requires employers to treat any medical information obtained from a disability-related inquiry or medical examination, as well as any medical information voluntarily disclosed by an employee, as a confidential medical record. "EEOC Enforcement Guidance on Disability-Related Inquiries and Medical Examinations of Employees Under the Americans with Disabilities Act (ADA)", https://www.eeoc.gov/policy/docs/guidance-inquiries.html#N_9_, (citing to 42 U.S.C. §§12112(d)(3)(B), (4)(C)(1994); and 29 C.F.R. §1630.14(b)(1)(1998)).

28. Information obtained because of a medical exam or inquiry of an employee regarding the medical condition or history of that employee must be collected and maintained on separate forms and in separate medical files and be treated as a confidential medical record. 42 U.S.C. §§12112(d)(3),(4); 29 C.F.R. §1630.14 (c)(1).

29. Employers may share such information only in limited circumstances with supervisors, managers, first aid and safety personnel, and government officials investigating compliance with the ADA. *Id.*

30. Defendant North Chicago failed and/or refused to maintain Plaintiff's confidential medical information on separate forms and in a separate medical file as required by law.

31. Defendant North Chicago voluntarily and deliberately shared Plaintiff's confidential medical information under circumstances not permitted by the ADA, and in violation of the ADA.

32. Plaintiff was damaged by Defendant North Chicago's unlawful actions, in that he experienced (and continues to experience) extreme shock, indignation, betrayal, humiliation, dismay, and emotional distress upon learning that his former employer deliberately and gratuitously handed out his personal confidential medical information without his consent, and because his employer wantonly disregarded his rights and protections under the ADA.

WHEREFORE, Plaintiff Luis Rivera, seeks the following relief:

a. Declaration that Defendants have violated Plaintiff's rights under the ADA, as amended;

b. Mandatory injunctive relief requiring Defendant North Chicago to place and maintain Plaintiff's medical records and information on separate forms and in separate medical files, and to treat such information as a confidential medical record;

c. Permanent injunctive relief barring Defendant North Chicago from disclosing Plaintiff's confidential medical records and information in any manner inconsistent with the ADA;

d. An award of compensatory damages in an amount to be determined at trial;

e. An award of the costs of this action and reasonable attorney's fees; and

f. Such other and further relief as this Court may deem just and equitable.

## COUNT II

### Violation of the Illinois Mental Health and Developmental Disabilities Confidentiality Act, 740 ILCS 110/1 et seq.
[Against Defendant North Chicago]

33. Plaintiff restates and incorporates the foregoing paragraphs here in Count II.

34. Generally, under the Confidentiality Act, disclosure of "records and communications" without the written consent of the recipient is prohibited. See 740 ILCS 110/5.

35. "Confidential communication" or "communication" as used in the Confidentiality Act means any communication made by a recipient or other person to a therapist or to or in the presence of other persons during or in connection with providing mental health or developmental disability services to a recipient. Communication includes information which indicates that a person is a recipient. See 740 ILCS 110/2.

36. "Record" as used in the Confidentiality Act means any record kept by a therapist or by an agency in the course of providing mental health or developmental disabilities service to a recipient concerning the recipient and the services provided. See 740 ILCS 110/2.

37. Section 5(b) of the act sets forth specific requirements for a written consent to be valid.

38. No person or agency to whom any information is disclosed under this Section may redisclose such information unless the person who consented to the disclosure specifically consents to such redisclosure. 740 ILCS 110/5(d).

39. The Confidentiality Act does contain specifically enumerated exceptions to the requirement of written consent, spelled out in Sections 6 through 12.2. See 740 ILCS 110/5.

40. Sections 10(a) and (d) prohibits the issuing of a subpoena that does not meet the Act's strict requirements for subpoenas in civil matters seeking protected communications and records:

"No party to any proceeding described under paragraphs (1), (2), (3), (4), (7), or (8) of subsection (a) of this Section, nor his or her attorney,

shall serve a subpoena seeking to obtain access to records or communications under this Act unless the subpoena is accompanied by a written order issued by a judge or by the written consent under Section 5 of this Act of the person whose records are being sought, authorizing the disclosure of the records or the issuance of the subpoena. No such written order shall be issued without written notice of the motion to the recipient and the treatment provider. Prior to issuance of the order, each party or other person entitled to notice shall be permitted an opportunity to be heard pursuant to subsection (b) of this Section.." 740 ILCS 110/10(d).

41. Section 10(d) also prohibits complying with a subpoena that does not conform to the requirements set forth:

"In the absence of the written consent under Section 5 [740 ILCS 110/5] of this Act of the person whose records are being sought, no person shall comply with a subpoena for records or communications under this Act, unless the subpoena is accompanied by a written order authorizing the issuance of the subpoena or the disclosure of the records." *Id.*

42. Section 10(d) also requires specific language be included in any subpoena seeking protected information:

"Each subpoena issued by a court or administrative agency or served on any person pursuant to this subsection (d) shall include the following language: "No person shall comply with a subpoena for mental health records or communications pursuant to Section 10 of the Mental Health and Developmental Disabilities Confidentiality Act, 740 ILCS 110/10, unless the subpoena is accompanied by a written order that authorizes the issuance of the subpoena and the disclosure of records or communications or by the written consent under Section 5 of that Act of the person whose records are being sought.["]" *Id.*

43. Plaintiff's health care providers that provided the confidential communications and records to North Chicago were "Therapists" under Section 2 of the Act.

44. Elizabeth Black, acting on behalf of and in the course of duty for, Defendant North Chicago, disclosed Plaintiff's confidential records and

communications to a third party without prior written consent from Plaintiff and in violation of the Confidentiality Act.

45. Plaintiff was damaged by Defendant North Chicago's unlawful actions, in that he experienced (and continues to experience) extreme shock, indignation, betrayal, humiliation, dismay, and emotional distress upon learning that his former employer deliberately and gratuitously handed out his personal confidential medical information without his consent, and because his employer wantonly disregarded his rights and protections under the Confidentiality Act.

WHEREFORE, Plaintiff Luis Rivera, seeks the following relief:

    a. Declaration that Defendant North Chicago have violated Plaintiff's rights under the Confidentiality Act;

    b. Permanent injunctive relief barring Defendant North Chicago from disclosing Plaintiff's confidential medical records and information in any manner inconsistent with the Confidentiality Act;

    c. An award of compensatory damages in an amount to be determined at trial;

    d. An award of the costs of this action and reasonable attorney's fees; and

    e. Such other and further relief as this Court may deem just and equitable.

## COUNT III

### Violation of the Illinois Mental Health and Developmental Disabilities Confidentiality Act, 740 ILCS 110/1 et seq.
[Against Defendant Elizabeth Black]

46. Plaintiff restates and incorporates the foregoing paragraphs here in Count III.

47. Elizabeth Black disclosed Plaintiff's confidential records and communications to a third party without prior written consent from Plaintiff and in violation of the Confidentiality Act.

48. Plaintiff was damaged by Defendant Black's unlawful actions, in that he experienced (and continues to experience) extreme shock, indignation, betrayal, humiliation, dismay, and emotional distress upon learning that his former employer deliberately and gratuitously handed out his personal confidential medical information without his consent, and because his employer wantonly disregarded his rights and protections under the Confidentiality Act.

WHEREFORE, Plaintiff Luis Rivera, seeks the following relief:

a. Declaration that Defendant Black has violated Plaintiff's rights under the Confidentiality Act;

b. Permanent injunctive relief barring Defendant Black from disclosing Plaintiff's confidential medical records and information in any manner inconsistent with the Confidentiality Act;

    c. An award of compensatory damages in an amount to be determined at trial;

    d. An award of the costs of this action and reasonable attorney's fees; and

    e. Such other and further relief as this Court may deem just and equitable.

## COUNT IV

### Violation of the Illinois Mental Health and Developmental Disabilities Confidentiality Act, 740 ILCS 110/1 et seq.
[Against Defendant Lazaro Perez]

49. Plaintiff restates and incorporates the foregoing paragraphs here in Count IV.

50. Upon information and belief, Police Chief Lazaro Perez, assisted and/or directed and/or consented to the disclosure of Plaintiff's confidential records and communications to a third party without prior written consent from Plaintiff and in violation of the Confidentiality Act.

51. Plaintiff was damaged by Defendant Perez's unlawful actions, in that he experienced (and continues to experience) extreme shock, indignation, betrayal, humiliation, dismay, and emotional distress upon learning that his former employer deliberately and gratuitously handed out his personal confidential medical information without his consent, and because his employer wantonly disregarded his rights and protections under the Confidentiality Act.

WHEREFORE, Plaintiff Luis Rivera, seeks the following relief:

a. Declaration that Defendant Perez has violated Plaintiff's rights under the Confidentiality Act;

b. Permanent injunctive relief barring Defendant Perez from disclosing Plaintiff's confidential medical records and information in any manner inconsistent with the Confidentiality Act;

c. An award of compensatory damages in an amount to be determined at trial;

d. An award of the costs of this action and reasonable attorney's fees; and

e. Such other and further relief as this Court may deem just and equitable.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury in this action.

Respectfully submitted by:

Luis Rivera

By: /s/ Kevin F. O'Connor
One of his Attorneys

Kevin F. O'Connor (ARDC No. 6300449)
O'Connor | O'Connor, P.C.
110 E. Schiller St., Ste 212
Elmhurst, IL 60126
P: 630-903-6397
F: 630.658.0336
kevin@oconnor-oconnor.com